IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY ALONZO SIMMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-593-SLR |
| | ) | |
| THOMAS L. CARROLL, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Jeffrey Alonzo Simms.  Pro se petitioner.

Loren Meyers.  Chief of Appeals Division, Delaware Department of
Justice, Wilmington, Delaware.  Counsel for respondent.

**MEMORANDUM OPINION**

Dated: June ⅄ , 2006
Wilmington, Delaware

**ROBINSON, Chief Judge**

## I.    INTRODUCTION

Currently before the court is petitioner Jeffrey Alonzo
Simms'application for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  (D.I. 2)  Petitioner is in custody at the
Delaware Correctional Center ("DCC") in Smyrna, Delaware.  For
the reasons that follow, the court will deny his application.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In July 2002, petitioner entered the house of his former
girlfriend and assaulted her in front of a young family member.
In August 2002, a grand jury indicted petitioner and charged him
with second degree burglary, third degree assault, endangering
the welfare of a child, and criminal mischief.  A Delaware
Superior Court jury convicted petitioner in February 2003 of
second degree burglary, offensive touching (as a lesser included
offense of third degree assault), endangering the welfare of a
child, and criminal mischief.  The Superior Court sentenced
petitioner to eight years imprisonment for the burglary
conviction and to a total of an additional fourteen months
imprisonment on the other three convictions, to be suspended for
fourteen months probation.  The Delaware Supreme Court affirmed
petitioner's convictions and sentences on direct appeal. Simms v.
State, 840 A.2d 642 (Table), 2003 WL 23162424 (Del. Oct. 8,
2003).

1

## III. **STANDARD OF REVIEW**

Federal habeas petitioners must satisfy a heightened pleading requirement by stating all grounds for relief available to them and setting out in summary fashion the facts underlying each claim for relief. McFarland v. Scott, 512 U.S. 849, 856 (1994); Rule 2(c) of the Rules Governing Section 2254 Petitions, 28 U.S.C. foll. § 2254. "[B]ald assertions and conclusory allegations" do not provide a court with sufficient information to permit a proper assessment of habeas claims, and a habeas court cannot speculate about claims. See Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987); DeShields v. Snyder, 830 F. Supp. 819, 823-24 (D. Del. 1993).

## IV. **DISCUSSION**

Petitioner's application and supplemental filing appear to assert one claim, namely, that the court should "exonerate" his sentence because he is falsely imprisoned pursuant to an unidentified state statute that is unconstitutionally vague. (D.I. 2; D.I. 7)  The State contends that petitioner's application should be dismissed for failing to state "any claim for relief." (D.I. 14)

The court acknowledges its duty to liberally construe petitioner's pro se filings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); see Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, the court will dismiss petitioner's application

2

because he has failed to provide any facts to support or explain
his vague and conclusory allegation that he is "falsely
imprisoned" pursuant to a "constitutionally vague statute."
Specifically, petitioner does not identify the "constitutionally
vague statute," nor does he explain the facts behind his alleged
false imprisonment.  The court notes that petitioner filed a copy
of a state court motion for post-conviction relief that he
presumably filed in state court.  (D.I. 4)  However, this state
court motion fails to assist the court in determining the basis
of his federal habeas claim because the state motion appears to
allege an unrelated ineffective assistance of counsel claim and a
claim that a police officer committed perjury.[1]  The court even
reviewed petitioner's brief from his direct appeal in an attempt
to ascertain the facts behind his habeas claim, but, once again,
the single claim raised on direct appeal bears no resemblance to
the claim alleged in petitioner's application.

Finally, even though the State's answer identifies the
deficiency in petitioner's pleading, and petitioner filed a
response to that answer, his response fails to provide any
factual support for his claim.  Instead, petitioner's response

---

[1]Although petitioner fails to explain why he filed copies of
his state court motion, the court presumes that he has done so to
demonstrate his attempt to exhaust state remedies.  The court
does not interpret petitioner's filing of the state court motion
in this court as an attempt to amend his pending application,
because the motion is clearly titled for the Superior Court of
Sussex County.

3

merely asserts an entirely new and unrelated allegation that he has been denied medical treatment in prison; this claim challenges a condition of his confinement, which does not assert a proper basis for federal habeas review. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Accordingly, the court will dismiss petitioner's application.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The court concludes that petitioner's § 2254 application fails to warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An

4

appropriate order will issue.