IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY ALONZO SIMMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 05-593-SLR |
| | ) |
| THOMAS L. CARROLL, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

At Wilmington this 18th day of July, 2006;

IT IS ORDERED that:

Petitioner Jeffrey Alonzo Simm's motion for a certificate of appealability, which the court construes as a motion to reconsider the court's denial of a certificate appealability, or alternatively, as a motion to reconsider the court's denial of his § 2254 application, is DENIED. (D.I. 20) The court denied petitioner's § 2254 application because it contained extremely vague and conclusory allegations. Petitioner's instant motion suffers from the same defect. Specifically, the motion is subtitled "petitioner's response as to why petition under, 28 U.S.C. 2254 should not be barred under Rule 9," and states that he "comes before this court, with the appropriate responds [sic] in the subject case, the petitioner have [sic] a civil case pending with facts that are conclusive, and requested for [sic] information served on the attorney generals office: 3 § Act (15

USCA § 6202)." Liberally construing petitioner's statement, it appears that petitioner contends his habeas application was based on the State's alleged violation of 15 U.S.C.A. § 6202. However, Section 6202 governs investigations to assist a foreign antitrust authority in obtaining evidence, and is completely inapplicable to petitioner's situation. Thus, whether petitioner is asking the court to reconsider its denial of his § 2254 application, or its refusal to issue a certificate of appealability, the court denies petitioner's motion for the reasons discussed in its Memorandum Opinion dated June 2, 2006.

_____
UNITED STATES DISTRICT JUDGE